UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEE A. LUTZ,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>BEAR LAKE COUNTY, an Idaho political subdivision; BEAR LAKE COUNTY SHERIFF'S OFFICE, an agency of an Idaho political subdivision; BART HESLINGTON, individually and in his official capacity as Bear Lake County Sheriff; MATTHEW KUNZ, individually and in his official capacity as a deputy with the Bear Lake County Sheriff's Office; and DOES I-X,<br><br>　　　　　Defendants. | Case No. 4:25-cv-00090-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff RiLee Lutz's Motion to Waive Bond Required Under I.C. § 6-610(2). (Dkt. 1). For the reasons set forth below, the Court sets a bond amount of $250.

## ANALYSIS

Lutz intends to sue two law enforcement officers, Bear Lake County Sheriff Bart Heslington and Deputy Matthew Kunz; Bear Lake County; Bear Lake County Sheriff's Office; and other unknown County and Sheriff's Office employees. Idaho Code § 6-610(2) requires a plaintiff to post bond before she initiates suit against a law enforcement officer. A court, however, may waive costs, fees and security for indigents. I.C. § 31-3220. If a party files an affidavit stating that she is indigent and unable to pay the costs, fees and security associated with her case, the court can waive costs, fees and security if it finds, after informal inquiry, that the party is indigent. *See*

I.C. § 31–3220(2). This statute applies to bonds required under § 6-610. *Clements v. Pocatello Police Dep't*, No. 4:22-CV-00407-DCN, 2023 WL 2354894, at *1 (D. Idaho Mar. 2, 2023).

In support, Lutz submits an Application to Proceed in District Court Without Prepaying Fees or Costs, claiming she is indigent. (Dkt. 1-3). In this application, Lutz includes her legal name, her income, the real and personal property she owns, the amount of cash in her checking and savings accounts, her monthly expenses, and her debts. Lutz reports that her net monthly income is approximately $2,490, and her monthly expenses are approximately $2,320. Further, she reports that she has a car loan of approximately $16,000, a credit card debt of approximately $6,983; and only about $370 in cash in a checking or savings account. She also reports she owns a house valued at $155,000 and a car valued at $20,000.

This information establishes Lutz is financially strapped. It appears, however, with some diligence, she can afford to pay a small bond. *See Clements*, 2023 WL 2354894, at *2. Accordingly, the Court denies Lutz's motion to the extent of a complete waiver of the bond requirement but grants her alternative request for a bond of a de minimis amount. The Court sets the bond at $250.

After posting bond, Lutz shall proceed with filing her complaint, as well as her application to proceed in forma pauperis. If Lutz seeks to proceed in forma pauperis, the Court notes it has discretion to impose a partial filing fee if it does not waive the entire amount, or to allow payment of the entire filing fee in installments. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under in forma pauperis statute). The Court further notes it is required to review complaints filed by in forma pauperis litigants and dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. §§ 1915(a)(1) & (e)(2); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). If Lutz does not seek to proceed in forma pauperis, she must pay the filing fee at the time of filing her complaint.

### ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Waive Bond Required Under I.C. § 6-610(2) (Dkt. 1) is **GRANTED in part and DENIED in part**. It is granted to the extent it seeks the setting of a de minimis bond amount but is denied to the extent it seeks a waiver of the bond.

2. Plaintiff shall post a cash bond in the amount of $250 within **twenty-one (21) days** of this Order.

3. After posting bond, Plaintiff shall proceed with filing her complaint and her application to proceed in forma pauperis. If Plaintiff does not seek to proceed in forma pauperis, she shall pay the entire filing fee when filing her complaint.

DATED: March 27, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3